[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16172
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2007
THOMAS K. KAHN
CLERK

OSHRC No. 98-00485

ELAINE CHAO, Secretary of Labor,

Petitioner,

versus

CAGLE'S INC.,
OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION,

Respondents.

_____

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission

_____

**(August 3, 2007)**

Before TJOFLAT, HULL and COX, Circuit Judges.

PER CURIAM:

This petition for review concerns a final order of the Occupational Safety and

Health Review Commission (Commission) under the Occupational Safety and Health

Act of 1970 ("OSH Act"), 29 U.S.C. §§ 651-678. After two employees at Cagle's Inc.'s chicken processing plant in Collinsville, Alabama were asphyxiated after entering a trailer containing waste breading contaminated with carbon dioxide, OSHA inspected the worksite. Multiple citations were issued.

An Administrative Law Judge (ALJ) conducted a hearing pursuant to section 12(j) of the OSH Act, 29 U.S.C. § 66(j), and thereafter issued a decision affirming some of the citations, but vacating the citation in question here, which alleged a violation of the permit-required confined space ("permit space") standard. The Review Commission reviewed and affirmed some of the citations, but vacated the citation in question. Petitioner Elaine Chao, the Secretary of Labor (Secretary), filed a petition for review, contesting only the vacation of the alleged violation of the permit space standard.

The disagreement between the Secretary and the Review Commission involves the requirement under OSHA's permit space standard that a space must be "large enough and so configured that an employee can bodily enter and perform assigned work." 29 C.F.R. § 1910.146(b) (definition of a "confined space"). The Secretary interpreted this to mean any space large enough and so configured that some work, if assigned, could be performed there. The ALJ disagreed with this interpretation, holding that the trailer was not a confined space because employees were never

2

assigned work inside the trailer. The Review Commission also disagreed with the Secretary's interpretation, finding that there was no violation of OSHA's permit-space standard because "nothing in the record indicates that it was possible under the circumstances for an employee to perform [currently] assigned work inside the trailer." (R.16-69 at 5.) In short, the Review Commission interpreted the regulation to mean that employees must have current assignments that they could perform inside the space.

The Secretary argues that her interpretation must be upheld by the Review Commission and this court so long as the interpretation is reasonable. Thus, she contends, the Review Commission erred as a matter of law by rejecting her reasonable interpretation of the regulation, and we should reverse the Review Commission's holding. The Review Commission counters that its interpretation is correct, it correctly determined that the citation should be vacated, and its decision is entitled to considerable deference, subject to being overturned only if it is arbitrary or capricious. The Secretary alternatively argues that even under the Review Commission's interpretation, the Review Commission erred in holding that Cagle's employees could not enter the trailer to perform their currently-assigned work of dumping waste. We agree with this alternative argument.

29 C.F.R. § 1910.146(b) defines entry as "the activity by which a person passes

3

through an opening into a permit-required confined space. Entry includes ensuing work activities in that space and is considered to have occurred as soon as any part of the entrant's body breaks the plane of an opening into a space." Cagle's employees sometimes manually dump the waste by cutting out a side of a box and emptying the box through one of the roof openings. (R.14-42 at 6, 8.) The Secretary correctly points out that employees could put their hands in one of the roof openings while doing so. Because entry occurs "as soon as any part of the entrant's body breaks the plane of an opening into a space," the entry of employees' hands would qualify under the regulation. 29 C.F.R. § 1910.146(b). Thus, it was reasonably foreseeable that Cagle's employees could enter the trailer in the course of doing currently-assigned work, namely manually dumping waste into the trailer.

Accordingly, we need not resolve the dispute between the Secretary and the Review Commission regarding the interpretation of the regulation, as Cagle's employees could have entered the waste breading trailer in the course of doing work currently assigned. For that reason, we vacate the Review Commission's holding that Cagle's employees could not enter the trailer to perform their currently-assigned work of dumping waste and remand to the Review Commission for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

4